**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don't Waste Arizona Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Hickman's Egg Ranch Incorporated,<br><br>Defendant. | No. CV-16-03319-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs. (Doc. 145). For the following reasons, the Court will grant the motion in part and deny in part.

## BACKGROUND

In 2016, Plaintiff Don't Waste Arizona filed a complaint alleging that Defendant Hickman's Egg Ranch was violating the Emergency Planning and Community Right to Know Act ("EPCRA"), 42 U.S.C. §§ 11001–50. On June 9, 2017, Defendant made an offer of judgment to Plaintiff, which contained an offer of attorneys' fees not to exceed $100,000, a direct payment to Plaintiff of $250,000, an agreement to submit continuous reporting requirements, and an entry of judgment against Defendant for violating EPCRA. (Doc. 147 Ex. A). Plaintiff rejected this offer and proceeded to a bench trial. Following the bench trial, this Court found that Hickman's failed to comply with the written notice requirement of EPCRA, and directed Hickman's to make a payment to the U.S. Treasury. (Doc. 151). Plaintiff now files a motion for attorneys' fees.

**DISCUSSION**

**I. Analysis**

EPCRA provides that "[t]he court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or the substantially prevailing party whenever the court determines such an award is appropriate." 42 U.S.C. § 11046(f). Before awarding attorneys' fees under this provision, the Court must make two findings. First it must find that the party who seeks fees is the "prevailing or substantially prevailing party." *Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1074, 1058 (9th Cir. 2009). Then, it must find that an award of attorney's fees is "appropriate." *Id*.

Once a request for attorneys' fees is deemed appropriate, the Court must determine whether the amount requested by Plaintiff is reasonable. *Haworth v. State of Nevada*, 56 F.3d 1048, 1052 (1995).

**A. "Appropriate"**

In the Ninth Circuit, an award of fees is "appropriate" unless "special circumstances exist that would render such an award unjust." *Saint John's Organic Farm*, 574 F.3d at 154. Under this standard, "the court's discretion to deny a fee award to a prevailing party is narrow." *N.Y. Gaslight Club Inc. v. Carey*, 447 U.S. 54, 68 (1980). And Ninth Circuit has emphasized that denials of attorneys' fees due to special circumstances are "extremely rare." *St. John's Organic Farm*, 574 F.3d at 1064.

For example, "a defendant's good faith belief that it was following the law does not qualify as a 'special circumstance.'" *Teitelbaum v. Sorenson*, 648 F.2d 1248, 1250–51 (9th Cir. 1981). And in the context of an citizen's enforcement suit, the Ninth Circuit has held that "a lack of evidence of economic benefit" by the defendant, "a lack of evidence of actual pollution," and the fact that defendant was not "forced to cease polluting or potentially polluting activities," did not qualify as a special circumstances where the Court found the Defendant failed to comply with permitting requirements. *See Resurrection Bay Conservation Alliance*, 640 F.3d at 1093. Demonstrating special circumstances is not

impossible, and the Ninth Circuit has held that special circumstances exist where the prevailing party "failed to adequately brief the issues he presented, thereby requiring the court to engage in independent research." *Borunda v. Richmond*, 885 F.2d 1384, 1392 (9th Cir. 1988).

No special circumstances exist in this case. While Hickman's violations here were minor, the Court is barred from finding that constitutes a special circumstance by controlling Ninth Circuit precedent. *See Resurrection Bay Conservation Alliance*, 640 F.3d at 1093. Thus, awarding fees here is appropriate.

### B. Rule 68 Does Not Apply In This Context

Hickman's argues that even if the Court determines that Plaintiff is entitled to attorneys' fees under EPCRA, it should limit the fees to those accrued before Defendant made an Offer of Settlement. But because Rule 68 does not apply in this context, the Court will not limit Plaintiff's fee request by applying Rule 68.

Unlike many other types of lawsuits, citizen suits brought under EPCRA are designed to primarily benefit the public interest: "[a]ny benefit from the lawsuit, whether injunctive or monetary, inures to the public or to the United States . . . . The citizen suit provision was designed to supplement administrative enforcement, not to provide a private remedy." *Sierra Club v. Chevron*, 834 F.2d 1517, 1522 (9th Cir. 1987). Thus, EPCRA's citizen suit provision is substantially different from a typical private action where Rule 68 applies. Every court that has directly confronted this issue has found that Rule 68 does not apply to the citizen suit provisions of environmental statutes, because applying Rule 68 in this context would eviscerate EPCRA's citizen suit provision.[1] *See North Carolina Shellfish Growers Ass'n v. Holly Ridge,* 278 F.Supp.2d 654, 668 (E.D. N.C. 2003); *Friends of the Earth v. Chevron Chem. Co.,* 885 F. Supp 934, 939-940 (E.D. Tex. 1995) ("To place

---

[1] Hickman's asserts that *Interfaith Community Organization v. Honeywell Intern. Inc.*, 726 F.3d 403, (3d Cir. 2013), found Rule 68 does not apply in environmental citizen suits. But *Interfaith*'s holding is not so broad. *Interfaith* involved a dispute over fees incurred by a law firm for monitoring work performed after judgment was entered and did not involve a pre-judgment offer of settlement. *Id.* at 407. In its opinion, the Third Circuit suggested that Rule 68 would apply generally to environmental citizen suits, but that question was not directly before the panel. *Id.* at 411 n.4.

1 upon the citizen plaintiffs the speculative hazard of paying a defendant's attorney's fees
2 and costs would likely have an undesirable effect. Such a hazard would have a chilling
3 effect upon citizens bringing enforcement actions. . . . Indubitably, this would eviscerate
4 the effectiveness of section 1365.").

### C. The Court Will Reduce Fee Amount Requested By Plaintiff

Where Rule 68's fee shifting provision does not apply, but the defendant has made a Rule 68 offer before judgment, the Court "*must* take into consideration the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made," when determining whether the fee award is reasonable. *Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995) (emphasis added). "The private attorney general theory lets the attorneys recover more than the benefit to their client would make reasonable, because they also confer benefits on others throughout society . . . [b]ut the benefit is not infinite." *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 810 (1995). Even though there is an additional public benefit in these cases, a court awarding fees must "reduce the attorneys fees award so that it is commensurate with the extent of the plaintiff's success." *Id.*; *see also Saint John's Organic Farm*, 574 F.3d at 1059–60 (9th Cir. 2009) (acknowledging that even where a plaintiff is deemed the prevailing party and fees are appropriate, "the nature and quality of relief may affect the amount of the fees awarded."). When considering the relevant public benefit here, the Court must keep in mind the purpose of EPCRA, which is "to inform the public about the presence of hazardous and toxic chemicals." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 86 (1998).

Here these factors weigh in favor of substantially reducing Plaintiff's fee request. Hickman's offer of settlement was generous; it contained an offer of attorneys' fees not to exceed $100,000, a direct payment to Plaintiff of $250,000, an agreement to submit continuous reporting requirements, and an entry of judgment against Defendant for violating EPCRA. (Doc. 147, Ex. A). Plaintiff argues that this settlement was null and

void because direct payments are not contemplated by the statute, however, under Ninth Circuit precedent environmental groups are free to negotiate settlement offers that contain direct payments. *See Sierra Club, Inc. v. Electronic Controls Design Inc.*, 909 F.2d 1350, 1354 (9th Cir. 1990) ("When a defendant agrees before trial to make payments to environmental organizations without admitting liability, the agreement is simply part of an out-of-court settlement which the parties are free to make.").

The primary public benefit Don't Waste Arizona obtained here—requiring Hickman's to submit compliance reports under EPCRA that disclose the amount of ammonia its facilities emit—was already offered by Hickman's in its settlement proposal. The astronomical civil penalty Plaintiff sought in this case, and the lack of sufficient justification for it, suggests that Plaintiff's motives would not be within the core public benefit that EPCRA is designed to provide—especially where Plaintiffs presented no evidence that Hickman's obtained any economic benefit from failing to submit these reports. State and federal environmental entities monitored Hickman's for compliance with substantive environmental requirements pertaining to their operations wholly apart from the EPCRA requirements and the public certainly was not ignorant of ammonia generated by Hickman's operations. Thus, there was no ignorance of the ammonia emissions that would be attributable to Hickman's failure to provide daily reports as Plaintiff alleges Hickman's was required to do. The reporting standards which were then unclear, were clarified when Congress passed the FARM Act to not require reporting on emissions of this type. Thus, the Court cannot say Plaintiff acted reasonably by pursuing excessive remedies under the facts of this case. After the bench trial, this Court directed Hickman's to make a payment of $3,000.00 to the U.S. Treasury. (Doc. 151). While this money provides some public benefit that was not contemplated by the settlement agreement, it does not make Plaintiff's decision to proceed to trial after the generous settlement offer a reasonable one. The Court will thus award attorneys' fees in the amount of $55,184.75 and taxable and non-taxable costs in the amount of $13,654.80.

/ / /

**IT IS THEREFORE ORDERED** the Motion for Attorneys' Fees and Costs (Doc. 145) is granted in part and denied in part. Pursuant to 42 U.S.C. § 11046(f), Plaintiff is awarded attorneys' fees in the amount of $ 55,184.75, and taxable and non-taxable costs in the amount of $ 13,654.80.

**IT IS FURTHER ORDERED** directing the Clerk of Court enter judgment accordingly.

Dated this 27th day of February, 2019.

*[Signature]*
G. Murray Snow
Chief United States District Judge